IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HERBERT H. HOWARD                                                                                         APPELLANT

V.                                                         CIVIL ACTION NO. 3:18-CV-163-SA

LOCKE D. BARKLEY, et al                                                              APPELLEES

MEMORANDUM OPINION

Herbert Howard filed his Petition [5] for Chapter 13 Bankruptcy on December 12, 2016. On May 4, 2018, after a hearing on a Motion to Dismiss [18] from the Trustee Locke Barkley, the Bankruptcy Court dismissed Howard's case for failing to make payments under his approved Plan. *See* Order [20]. Howard now appeals the dismissal of his case to this Court. *See* Notice of Appeal [1]. The Court considered the record, relevant arguments, and authorities, and for the reasons fully explained below, the Court AFFIRMS the decision of the Bankruptcy Court.

*Standard of Review*

This Court has jurisdiction to hear this appeal from the Bankruptcy Court under Chapter 28 United States Code Section 158. In bankruptcy appeals, this Court reviews findings of fact for clear error and reviews conclusions of law *de novo*. *In re McClendon*, 765 F.3d 501, 504 (5th Cir. 2014); *In re Pratt*, 524 F.3d 580, 584 (5th Cir. 2008).

*Factual and Procedural History*

Howard filed his proposed Chapter 13 Plan [6] on January, 11, 2017. One of Howard's creditors, Renasant Bank, objected to Howard's proposed plan. Specifically, Renasant objected to the proposal in Howard's Plan to "cram-down" the value of Freightliner trucks in Howard's possession against which Renasant had a lien. Renasant's objections were resolved through a series of Agreed Orders [8, 9, 10] and the total value of the trucks was raised from Howard's originally proposed $146,000.00 to $180,000.00. With Renasant's objections resolved, and after a hearing on the issue at

which Howard was represented by counsel, on June 2, 2017 the Bankruptcy Court entered an Order [12] confirming a Chapter 13 Plan that included the increased value for the trucks, and under which Howard's monthly payment increased from his originally proposed $3,250.00 to $3,944.50.

The same day that the Bankruptcy Court confirmed Howard's Plan, Howard filed a *pro se* Motion to Dismiss his attorney [13]. The Court held a hearing on Howard's request on August 1, 2017. At the hearing, Howard explained that he was unhappy with the representation that he received from his attorney. Howard explained did not agree with his confirmed Chapter 13 Plan, in particular the increase in the monthly payment, and that he should have had an opportunity to argue against Renasant's objections to his proposed plan, and to argue against the increase in the valuation of the trucks. Judge Woodard explained to Howard that the Plan was now confirmed, and counseled Howard to interview and retain a new attorney as soon as possible, and to get advice from his attorney on how best to proceed, specifically, whether he wanted to try to file for relief in this case, or whether it may be easier to start a new case. Howard indicated that he needed a new attorney and he would meet with some the following week.

Howard never retained a new attorney, never filed anything regarding amending his confirmed plan, and fell behind on his payments. In February of 2018, the Trustee filed a motion to dismiss, requesting dismissal of Howard's case and indicating that as of February 7, 2018 Howard was $14,762.00 behind on his plan payments.

On May 1, 2018 the Bankruptcy Court held a hearing on the Trustee's Motion to Dismiss. At the hearing Howard acknowledged that he was indeed behind on his payments, and that he was not able to bring his plan current. Howard again argued that he disagreed with the increase of his payment from his originally proposed plan. Howard also argued that he tried to retain the services of an attorney, but that he was unable to. After the hearing, the Bankruptcy Court granted the Trustee's

Motion and dismissed the case for failing to make payments under the approved plan. Howard appealed the Bankruptcy Court's decision to dismiss his case to this Court.

*Analysis and Discussion*

Although, as noted above, Howard's appeal is styled as an appeal of the dismissal of his case, he fails to make any arguments as to why his case should not have been dismissed. All of Howard's arguments are directed at the confirmation of his plan, to which notably, he never objected. Nor did Howard ever file or request a modification of his confirmed plan. This particular procedural posture leaves this Court with nothing to review. Because Howard never objected to or requested relief from his confirmed plan, the Bankruptcy Court never took any action on his plan after it was confirmed. There is simply no ruling by the Bankruptcy Court for this Court to review.

In his briefing before this Court, Howard reiterates his argument that he disagrees with the increase in his payment between his proposed plan and his confirmed plan. Howard alleges that his attorney agreed to the increase in truck valuation and to the increase in his plan payment without consulting Howard, and against Howard's wishes. Howard provides no competent evidence, by way of affidavit or otherwise, in support of these allegations.

Howard does argue that he was not afforded notice and a hearing on the increase, but the record clearly reflects that notice was indeed given, and Howard's attorney appeared on his behalf at a hearing on the issue. Thus, it is clear based on the record before this Court that Howard was given proper notice and a hearing on his plan confirmation. In addition, at the hearing on Howard's motion to dismiss his attorney, the Bankruptcy Court gave Howard explicit instructions on how to proceed if he was unhappy with his confirmed plan. Howard wholly failed to take any action whatsoever to modify or set aside his confirmed plan, or to initiate a new case.[1] In short, Howard slept on his rights

---

[1] Ironically Howard incorrectly relies on 11 U.S.C. §1329 to argue that he was entitled to pre-confirmation notice and a hearing; this is the Code section that provides for post-confirmation modifications, which Howard failed to avail himself of.

3

and failed to make a timely request to modify his confirmed plan, failed to make the payments, and now fails to point to any error in a conclusion of law made by the Bankruptcy Court.

Under section 1326(a)(1) of the Bankruptcy Code, "a debtor shall commence making payments not later than 30 days after the date of the filing of a plan." Section 1307(c) of the Bankruptcy Code clearly states that a court "may" dismiss a case for "cause," and it delineates several specific situations in which cause exists. The "[u]se of the word 'may' indicates that the decision to dismiss . . . is committed to the discretion of the bankruptcy court." *In re Mallory*, 444 B.R. 553, 557–58 (S.D. Tex. 2011), *aff'd,* 476 F. App'x 766 (5th Cir. 2012) (citing *In re Blaise*, 219 B.R. 946, 950 (2d Cir. BAP 1998); *see also In re Roberts,* 279 F.3d 91, 92 (1st Cir. 2002) (stating that "An order allowing a motion to dismiss pursuant to Bankruptcy Code § 1307 is reviewed only for abuse of discretion.")). Further, section 1307(c)(4) specifies that "failure to commence making timely payments under section 1326 of this title" is "cause" for dismissal. 11 U.S.C. § 1307(c)(4).

"Courts considering situations in which a debtor commenced making payments but then either stopped or paid less than the plan required have considered the text of section 1307(c)(4) and concluded that a failure to *continue* making payments as required by the plan is cause for dismissal under section 1307(c)." *In re Mallory*, 444 B.R. at 557–58 (citing *In re Jenkins,* No. 09–36433–H3–13, 2010 WL 56003, at *2 (Bankr. S.D. Tex. Jan. 5, 2010) (finding cause for dismissal of a case in which the debtor commenced making the payments required in the proposed plan but paid an amount less than required); *In re Tashjian*, 72 B.R. 968, 972 (Bankr. E.D. Pa. 1987) ("[W]e assume that [section 1307(c)(4)] allows dismissal of Chapter 13 cases wherein the debtor not only never commences making any payments, but where he fails to continue to make such payments in regular fashion prior to confirmation.")).

Similarly, in this case, Howard does not dispute that he failed to make payments as required by the plan. Thus, the bankruptcy court had discretion to dismiss Howard's case because he did not make payments to the Trustee as required by the plan. *See id*.

In conclusion, the Court finds that Howard was given ample notice and opportunity of his rights and obligations in his bankruptcy case, and under his confirmed plan. Howard failed to make timely objections or requests for modification. Finally, Howard failed to highlight or point to any errors in findings of fact or conclusions of law by the Bankruptcy Court. For all of these reasons, the Court finds that Howard's appeal is wholly without merit. The decision of the Bankruptcy Court in this Case is AFFIRMED and this CASE is DISMISSED with prejudice.[2]

It is so ORDERED on this the 29th day of March, 2019.

    /s/ Sharion Aycock
    UNITED STATES DISTRICT JUDGE

---

[2] Howard's Motion to Strike [36] the Appellee Brief [35] of Renasant Bank is DENIED as MOOT. It was unnecessary for the Court to consider Renasant's "cautionary brief" in deciding the merits of this appeal.