IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HERBERT H. HOWARD                                                        APPELLANT

V.                                           CIVIL ACTION NO. 3:18-CV-163-SA

LOCKE D. BARKLEY, et al                                      APPELLEES

ORDER AND MEMORANDUM OPINION

Herbert Howard filed his Petition [5] for Chapter 13 Bankruptcy on December 12, 2016. On May 4, 2018, after a hearing on a Motion to Dismiss [18] from the Trustee Locke Barkley, the Bankruptcy Court dismissed Howard's case for failing to make payments under his approved Plan. *See* Order [20]. Howard appealed the dismissal of his bankruptcy case to this Court. *See* Notice of Appeal [1]. The Court considered the record, relevant arguments, and authorities, and for the reasons fully explained in an Order [48] and Memorandum Opinion [49], the Court affirmed the decision of the Bankruptcy Court, and the dismissal of Howard's case. Now before the Court is Howard's Motion for Rehearing [50], requesting that the Court reconsider its decision.

*Standard of Review*

This Court has jurisdiction to hear this appeal from the Bankruptcy Court under Chapter 28 United States Code Section 158. In bankruptcy appeals, this Court reviews findings of fact for clear error and reviews conclusions of law *de novo*. *In re McClendon*, 765 F.3d 501, 504 (5th Cir. 2014); *In re Pratt*, 524 F.3d 580, 584 (5th Cir. 2008). Although Howard's instant Motion [50] is styled as one for "rehearing" the Court construes his *pro se* Motion as one to alter or amend under Federal Rule of Civil Procedure 59(e).

*Factual and Procedural History*

As noted above, this Court dismissed Howard's appeal and affirmed the Bankruptcy Court's dismissal of Howard's case. *See* Memorandum Opinion [49]. The Court affirmed the Bankruptcy

Court's dismissal on the substantive ground that Howard failed to make the payments required under his confirmed plan, and thus the Bankruptcy Court had the discretion to dismiss his case.

In his request for reconsideration, Howard raises three separate arguments. First, Howard asserts that he did request a modification to his plan, and that this Court mistakenly found that he did not request a modification in its previous Opinion. Second, Howard reiterates his argument that his bankruptcy Plan was affirmed without his knowledge, and that he was "entitled" to a modification or a new plan. Third, Howard asserts that this Court mistakenly found that he was advised by the Bankruptcy Court that he could request to file a new plan or to amend his affirmed Plan, and that he should obtain new counsel; Howard asserts that he was not so advised.

*Discussion and Analysis*

At the outset, the Court notes that all three of Howard's arguments are not new, and were fully addressed in this Court's previous Opinion. The Court also notes that all three of these arguments miss the mark because they wholly fail to address the reason for this Court's affirmance; that Howard fell behind on his payments, which is undisputed, and thus the Bankruptcy Court had the discretion to dismiss his case.

As discussed in this Court's previous Opinion [49], under Section 1326(a)(1) of the Bankruptcy Code, "a debtor shall commence making payments not later than 30 days after the date of the filing of a plan." Section 1307(c) of the Bankruptcy Code clearly states that a court "may" dismiss a case for "cause," and it delineates several specific situations in which cause exists. The "[u]se of the word 'may' indicates that the decision to dismiss . . . is committed to the discretion of the bankruptcy court." *In re Mallory*, 444 B.R. 553, 557–58 (S.D. Tex. 2011), *aff'd,* 476 F. App'x 766 (5th Cir. 2012) (citing *In re Blaise*, 219 B.R. 946, 950 (2d Cir. BAP 1998); *see also In re Roberts,* 279 F.3d 91, 92 (1st Cir. 2002) (stating that "An order allowing a motion to dismiss pursuant to Bankruptcy Code § 1307 is reviewed only for abuse of discretion.")). Further, section 1307(c)(4)

specifies that "failure to commence making timely payments under section 1326 of this title" is "cause" for dismissal. 11 U.S.C. § 1307(c)(4).

"Courts considering situations in which a debtor commenced making payments but then either stopped or paid less than the plan required have considered the text of section 1307(c)(4) and concluded that a failure to *continue* making payments as required by the plan is cause for dismissal under section 1307(c)." *In re Mallory*, 444 B.R. at 557–58 (citing *In re Jenkins,* No. 09–36433–H3–13, 2010 WL 56003, at *2 (Bankr. S.D. Tex. Jan. 5, 2010) (finding cause for dismissal of a case in which the debtor commenced making the payments required in the proposed plan but paid an amount less than required); *In re Tashjian*, 72 B.R. 968, 972 (Bankr. E.D. Pa. 1987) ("[W]e assume that [section 1307(c)(4)] allows dismissal of Chapter 13 cases wherein the debtor not only never commences making any payments, but where he fails to continue to make such payments in regular fashion prior to confirmation.")).

As noted previously, Howard does not dispute that he failed to make payments as required by the Plan. Thus, the Bankruptcy Court had discretion to dismiss Howard's case because he did not make payments to the Trustee as required by the Plan. *See id*. Howard has not now, or ever, raised a factual challenge or dispute as to whether he failed to make payments, or a legal argument challenging the discretion of the Bankruptcy Court to dismiss his case. Instead, Howard focuses his arguments on the confirmation of his bankruptcy plan, to which the record is clear, he never filed any objection or challenge even after being explicitly instructed by the Bankruptcy Court on how he might proceed.[1]

For these reasons, Howard's Motion [50] for reconsideration is DENIED.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE

---

[1] As noted above, in bankruptcy appeals, this Court reviews findings of fact for clear error and reviews conclusions of law *de novo*. *In re McClendon*, 765 F.3d at 504; *In re Pratt*, 524 F.3d at 584. Howard does not dispute the Bankruptcy Court's finding that he failed to make payments. As to Howard's other factual contentions, for reference, Appendix A to this Order contains the relevant portion of the Bankruptcy hearing transcript from August 1, 2017 which is a part of the record of this case. *See* Transcript [28]. Note: the transcript document has a typographical error in the date.

APPENDIX A

THE COURT: Okay. All right. Well, here's what I'm going to do. I'm granting your motion in part. I'm granting your motion to allow you to fire your lawyer. **Like I said, your case is already confirmed, so giving you more time to respond to it doesn't work because it's done.** But you might -- can file something to modify it with your new lawyer. **My question to you is do you want to start over or do you want to do -- you want to go that route?**

MR. HOWARD: Well, as not being an attorney, Your Honor, and not -- this is my first time I've ever filed bankruptcy, I know some things about my rights, but I don't have completely knowledge of an attorney in certain decisions. I don't know which route to go --

THE COURT: You know what –

MR. HOWARD: That's why I need an attorney.

THE COURT: That's a fair point. Why don't we do this? Why don't I grant your motion to allow you to get rid of Mr. Engell? Go meet with your attorney, whoever you want to hire. Make sure -- I don't know Mr. Engell. He may be a fine lawyer, but I don't know that he's a bankruptcy lawyer. It doesn't ring a bell. We tend to have the same folks, you know, every time in here. **Find you a bankruptcy lawyer to represent you, and then meet with them, go over all of this with your new attorney, and then you can make a decision on what really fits your unique facts and circumstances, whether you want to try to do something in this case, or if you want to start over with a new case.**

MR. HOWARD: Yeah, I really -- you're saying that the case has already been confirmed. That's what I was filing a motion to dismiss that because he violated my process rights to fight against the case that was just confirmed.

THE COURT: Okay.

MR. HOWARD: He didn't give me an opportunity --

THE COURT: Well, we are doing that today. He will be dismissed. He will no longer be your lawyer. I will enter an order that you can then take to whatever new lawyer you choose to show them that he is no longer your lawyer. And then you'll have to sit down and have a conversation about where you want to go from here.

MR. HOWARD: Okay. How much additional time do I have on that?

THE COURT: Well, there's nothing pending right now, as far as I know. Is there anything pending, Ms. Vardaman?

MS. VARDAMAN: No, Your Honor.

THE COURT: **But the -- as of right now, the confirmed plan is the plan payment you're supposed to be making. So, I would do it as soon as possible because if you're not making that full plan payment, it's going to get further and further behind, and eventually the case will get dismissed whether you want it to be dismissed or not, as long as that's the plan. If you think you have grounds to amend that plan and have a different payment amount, you all need to get something filed.**

MR. HOWARD: **Okay.**

THE COURT: So, just -- I would go as soon as possible and start meeting with folks in the next week or so and see what you can do.

MR. HOWARD: Okay.

THE COURT: All right?

MR. HOWARD: All right.